### Dresler *v.* Hard et al.

(*Superior Court of New York City, General Term.*   June 28, 1889.)

**1. Evidence—Expert Testimony.**

A receipt and other papers in the case were given to an expert in handwriting, and he was asked to state from examination whether the receipt was dated January 22d or July 22d, but was not asked to give any opinion as to the handwriting.   *Held,* that the date of the receipt was a question of fact for the jury, and the evidence was incompetent.

**2. Estoppel—Pleading.**

Where matters which happen after the incurring of an original obligation have the effect of an equitable defense, and estop the plaintiff from enforcing his obligation, it constitutes a new defense, and should be pleaded, under Code Civil Proc. N. Y. § 500, subd. 2, to give defendant a right to offer testimony on the subject.

Appeal from jury term.

Action by John H. Dresler against George M. Hard and James H. Blauvelt, as partners.   Judgment for plaintiff.   Motion for new trial refused, and appeal by defendant Hard.

Argued before Sedgwick, C. J., and Truax, J.

*Daniel P. Hays,* for appellant.   *Isaac L. Egbert,* for respondent.

Sedgwick, J.   The defendant placed upon the witness stand an expert in handwriting, and exhibited to him a receipt, at the same time exhibiting to him other papers properly in evidence in the cause, and asked him to say, after comparing all the papers, but especially their dates, whether the date of the receipt was January 22d or July 22d.   It was for the interest of the defendant to show that it was the former.   The witness was not called upon to give his opinion of the handwriting.   This was not in dispute.   As it was the office of the jury to find what the date was, I am of opinion it was not competent for the witness to speak to that.   I do not deny that it would have been competent for the expert to testify as to an analysis of the lines that made up the date, and by that to exhibit details which might escape the attention of ordinary observers, and that the jury might consider such testimony.   This was not the object of the question, which was properly excluded.   The defendants' counsel asked the court to charge, which the court refused to do, that "if the jury find that Mr. Dresler knew that Mr. Hard was interested in the sale of the Manhattan stock in question, and made no claim against Mr. Hard, filed his claim with the assignee against Blauvelt individually, and allowed Hard to go on and make a settlement with the assignee of Blauvelt, he is estopped from making any claim against Mr. Hard, and can-

not recover against him in this action." There was no question as to whether the conduct of the plaintiff, as described in the request, might be considered as evidence against the plaintiff of what his relations were with Blauvelt individually or jointly with Hard. The counsel for appellant has not pointed out what testimony there was in the case that required the court to make the charge as requested, but I am of opinion with the court below, that he was bound to refuse the request, because the matters that were supposed to constitute an estoppel had not been pleaded. These matters did not affect the issues as made by the pleadings as to the original obligation. If the plaintiff were right on those issues, he proved his case, and the law fixed the appellant as liable. A subsequent estoppel would not disprove the existence of the original obligation, but if it afterwards occurred, and had the force claimed for it, it would be an equitable defense or ground for the plaintiff's not being permitted to enforce his right, and in effect an extinguishment of that right. All this would constitute new matter, and should have been pleaded to give the defendant a right to offer testimony on the subject. Section 500, Code Civil Proc. subd. 2. Certain questions were admitted by the court against appellant's objection. They were to be allowed, in the discretion of the court, upon cross-examination. The judgment and order should be affirmed, with costs.

TRUAX, J. I am of the opinion that the appeal-book does not show that the defendant excepted to the refusal of the trial judge to charge certain requests. The alleged exceptions are presented by the following words: "I also except to the refusal of the court to charge each and every request submitted by me, as requested, that he has declined to charge, and to the refusal of the court to find any requests as requested, which he has charged in substance." Then follow 14 requests to charge. An exception to a refusal to charge should be specific. It is not enough for counsel to say, in general terms, that they except to the refusal of the court to charge each and every request that it has declined to charge. The case should show that the trial judge was requested to charge a certain proposition, that he refused to do so, and that an exception to such refusal was duly taken. The court at general term should not be required to examine the charge of the trial judge in order to determine whether the appellant has or has not a good exception to a refusal to charge as requested. What refusal is excepted to should appear from the exception itself. *Briggs* v. *Waldron,* 83 N. Y. 586; and see *Baylis* v. *Stimson,* 110 N. Y. 624, 17 N. E. Rep. 144. The judgment and order are affirmed, with costs.